UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| WILLIAM BARNES | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   v. | )   CASE NO: 4:16-cv-178 |
| | ) |
| MARENGO, LLC, | ) |
| | ) |
|     Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.    NATURE OF COMPLAINT**

Plaintiff, William Barnes, (hereinafter "Barnes"), by counsel, brings this action against Defendant, Marengo, LLC (hereinafter "Marengo" or "Defendant"), alleging violations of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et. seq.*

**II.    PARTIES**

2.    Barnes is a resident of the State of Indiana, who at all relevant times resided within the geographic boundaries of the Southern District of Indiana.

3.    Defendant is a corporation that maintains offices and conducts business within the geographic environs of the Southern District of Indiana.

**III.    JURISDICTION AND VENUE**

4.    Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. §12117.

5.    Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5)(A).

6. Barnes was an "employee" as that term is defined by 42 U.S.C. §12111(4).

7. Barnes is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §§12102(2) and 12111(8) and/or Defendant knew of Barnes' disability and/or regarded Barnes as being disabled and/or Barnes has a record of being disabled

8. Barnes satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging disability discrimination. Barnes received the required Notice of Sue Rights and timely files this action.

9. A substantial part of the events, transactions and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

10. Defendant hired Barnes as a Lumper on or about July 27, 2015. Barnes held this position until his employment was terminated on or about August 27, 2015.

11. Barnes' work performance met or exceeded Defendant's legitimate expectations at all relevant times.

12. In or about 2009, Barnes was diagnosed with a learning disorder, which affects his ability to effectively read, write and solve mathematical problems.

13. Marengo was aware of Barnes' learning disability.

14. Barnes was required to take a written test upon being hired by Marengo. At that time, Barnes advised Jerry Hanger, the supervisor, that he had a learning disability. Mr. Hanger

advised Barnes "to do the best he could." Barnes attempted to complete the written test, but was unable to do so. Mr. Hanger reassured Barnes that he could retake the test at a later date.

15. Although Barnes did not complete the written test, Marengo allowed Barnes to commence working as a Lumper. Thereafter, Barnes effectively performed the necessary job duties with ease. Importantly, Barnes never received any negative feedback concerning his job performance.

16. After working for three weeks, Barnes approached Brian Venturi, the manager, and advised him that he was interested in a forklift operator position. At that time, Mr. Venturi became aware that Barnes had not completed the written test. As such, Mr. Venturi told Barnes that he needed to retake the written test. In response, Barnes advised Mr. Venturi that he had a learning disability which hinders his ability to complete written tests. Barnes then asked Mr. Venturi if he could help him on the written test. Mr. Venturi refused to provide him with an accommodation. Mr. Venturi advised Barnes that he could not help him since it was "against company policy" and because he had not helped employees in the past when taking the written test.

17. Barnes retook the written test, without an accommodation as requested, and failed.

18. Barnes' employment was immediately terminated on or about August 27, 2015 for failing the written test.

## V. CAUSES OF ACTION

### COUNT I: ADA- DISABILITY DISCRIMINATION

19. Barnes hereby incorporates by reference paragraphs one (1) through eighteen (18)

3

as if the same were set forth at length herein.

20. Defendant failed to provide Barnes with an accommodation due to his disability when he was required to take a written test.

21. Barnes was discriminated against because of his disability when Defendant terminated his employment.

22. Defendant willfully and intentionally discriminated against Barnes on the basis of his disabilities in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et. seq.*

23. Barnes has suffered damages as a result of Defendant's actions.

## VI. **REQUESTED RELIEF**

WHEREFORE, Plaintiff, William Barnes, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1. Reinstate Barnes to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful actions; and/or payment to Barnes of front pay in lieu thereof;

2. Compensatory, consequential and emotional distress damages to Barnes;

3. Compensation for Barnes' lost wages and benefits;

4. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

5. Punitive damages for violations of the ADA;

6. Costs and attorney's fees incurred as a result of bringing this action;

7. Pre- and post-judgment interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: <u>/s/ Andrew Dutkanych</u>
Andrew Dutkanych
101 North Seventh Street
Louisville, Kentucky 40202
Telephone: (502) 561-3418
Facsimile: (812) 424-1005
Email: ad@bdlegal.com
*Counsel for Plaintiff*

5

## **DEMAND FOR JURY TRIAL**

Plaintiff, William Barnes, by counsel, requests a trial by jury on all issues deemed so triable.

                                        Respectfully submitted,

                                        BIESECKER DUTKANYCH & MACER, LLC

                                        By: <u>/s/ Andrew Dutkanych</u>
                                        Andrew Dutkanych
                                        101 North Seventh Street
                                        Louisville, Kentucky 40202
                                        Telephone: (502) 561-3418
                                        Facsimile: (812) 424-1005
                                        Email: ad@bdlegal.com
                                        *Counsel for Plaintiff*

Date: 10/11/16.